494 A.2d 381

AETNA CASUALTY AND SURETY COMPANY, Appellee

v.

Alice DRAKE and Faye L. Reiner Motts.

**Appeal of Alice DRAKE.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Filed April 12, 1985.

Reargument Denied June 19, 1985.

Mark S. Love, Stroudsburg, for appellant.

Thomas J. Nolan, Scranton, for appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

WIEAND, Judge:

Jeffrey Melmed commenced an action to recover damages caused by a collision between the motorcycle on which he was riding and a vehicle owned and operated by Faye L. Reiner Motts. See: *Melmed v. Motts,* 341 Pa.Super. 427, 491 A.2d 892 (1985). Alice Drake, who was named as a defendant in that action, had been a passenger in the Motts vehicle. Drake was a 71 year old widow; and Motts, according to the averments of the complaint, had been "employed" as Drake's "private duty nurse." At the time of the accident, Drake owned no motor vehicles and had no motor vehicle insurance. She was the named insured, however, in a homeowner's policy issued by Aetna Casualty and Surety Company (Aetna). She made a demand upon Aetna

to provide her with a defense in the Melmed action. Aetna denied coverage. Instead, it filed a petition for declaratory judgment seeking a determination that it had no duty to defend the claim made against its insured. The case was submitted to the court on depositions, and the court entered a declaratory judgment in favor of Aetna, holding that, pursuant to the terms of the homeowner's policy, Aetna had no duty to defend any action against its insured arising out of a motor vehicle accident. Alice Drake appealed.[1] We reverse.

■ It is axiomatic that if it be determined that the language of a policy prepared by an insurer is either ambiguous, obscure, uncertain or susceptible of more than one construction, the language must be construed most strongly against the insurer, and the construction most favorable to the insured must be adopted. *Cohen v. Erie Indemnity Co.*, 288 Pa.Super. 445, 448, 432 A.2d 596, 597 (1981). The Aetna policy in this case, however, is not ambiguous. With respect to the appellant, Alice Drake, the duty to defend is clear.

The policy which Aetna issued to Drake contains the following coverage:

Coverage E Personal Liability  If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will
a. pay up to our limit of liability for the damages for which the insured is legally liable, and
b. provide a defense at our expense by counsel of our choice. . . .

Alice Drake was the named insured. The term "insured" was defined to include "you [the named insured] and ... *with respect to any vehicle to which this policy applies, any person while engaged in your employment....*"

1. Faye L. Reiner Motts, the alleged owner and operator of the vehicle, may have been insured under a separate motor vehicle policy. She believed that she had been insured but was not entirely certain at the time when her depositions were taken. Whether such insurance, if it existed, also provided coverage for Alice Drake we need not now decide.

(emphasis added). The policy issued by Aetna, however, did not apply to any vehicle. Alice Drake owned no vehicle, and the policy did not purport to provide coverage for a vehicle owned by any other person. It was Mrs. Drake who was the insured for purposes of applying the provisions of Coverage E. The coverage simply did not apply to a vehicle. Whether Fay Motts was in the employ of Mrs. Drake, therefore, was not controlling.

The liability coverage provided by the policy was broad. It applied to *any* claim made or suit brought against Alice Drake for damages because of bodily injury or property damage, unless coverage was specifically excluded. According to the exclusions of the policy, Coverage E did "not apply to bodily injury or property damage . . . arising out of the ownership, maintenance, use, loading or unloading of . . . a motor vehicle owned or operated by or rented or loaned to any insured. . . ." The averments of the complaint filed by Jeffrey Melmed against Faye Motts and Alice Drake were that Faye Motts, not the insured, Mrs. Drake, had been the owner and operator of the vehicle which collided with Melmed. Fay Motts, as we have observed, was not an insured under Aetna's policy. The policy did not apply to or provide coverage for the vehicle which Faye Motts owned and operated at the time of the collision.[2] Alice Drake was the only person insured under the policy issued by Aetna, and, in the absence of a specific exclusion, was entitled to be defended by Aetna in any action brought against her to recover "damages because of bodily injury or property damage."

Aetna contends that coverage is excluded because Melmed's action arose out of Drake's "use" of a motor vehicle. Closer examination, however, discloses that this exclusion has no application to Drake under the circumstances of this case. Even if we assume that Alice Drake, who had been taken to dinner by her nurse in the latter's

2. The trial court found that Aetna was not required to defend the claim against Faye Motts, and she has not appealed from that determination.

car, was "using" a motor vehicle when the nurse-owner turned into a service station to put gasoline in the tank, it is clear that the exclusion is not applicable to Alice Drake. It has no application because the vehicle was not "owned or operated by or rented or loaned to" Alice Drake, the insured. Ms. Motts at all times retained possession of her vehicle and operated it; she cannot reasonably be said to have "rented or loaned" her vehicle to Mrs. Drake merely because she used her car to take Mrs. Drake to dinner.

We conclude, therefore, that the trial court erred when it entered a declaratory judgment holding that Aetna owed no duty to provide a defense for Drake. Drake had been sued because of circumstances which had not arisen out of the ownership or use of a motor vehicle owned or operated by, or rented or loaned to her. According to the terms of its policy, therefore, Aetna owed Alice Drake a duty to provide her with a defense.

The declaratory judgment is reversed.

POPOVICH, J., dissents.