626 A.2d 1243

EQUIBANK, Personal Representative of
the Estate of Stephen M. Daniel,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY and John M. Daniel, Jr.

Appeal of STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, (Three Cases)

Russell J. BARKLEY, Jr.,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY and George M. Shernock,

Appeal of STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, (Three Cases)

Superior Court of Pennsylvania.

Argued Oct. 13, 1992.

Filed May 6, 1993.

Reargument Denied July 8, 1993.

Thomas F. Weis, Pittsburgh, for appellants.

Beth A. Brown, Pittsburgh, for appellees (at 343, 344 and 356).

Clem C. Trischler, Pittsburgh, for appellees (at 345, 346 and 626).

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge.

State Farm Mutual Automobile Insurance Co. appeals from summary judgment entered against it in these consolidated declaratory judgment actions. The issue presented is whether an anti-stacking clause that appears in both policies is clear and unambiguous. As we conclude that the anti-stacking provision is clear, we reverse the determination of the trial court and grant appellant's motion for summary judgment.

The relevant facts are as follows. Four of these appeals relate to trial court docket number G.D. 88–9064, which was instituted by Russell Barkley, Jr. State Farm issued two policies of automobile insurance to George Shernock, who owned two automobiles. Mr. Barkley was paralyzed when his vehicle was struck by an automobile operated by George Shernock. Marlin D. Shernock owned the car being operated by George. At the time of the accident, Marlin was insured through State Farm, which had primary liability coverage of $100,000. State Farm paid this policy to Mr. Barkley. State Farm also issued a policy of insurance to George's daughter, Georgia, with whom George resided. That policy provided $100,000 in excess liability coverage for relatives who resided with the insured who were involved in an automobile accident. State Farm paid the limits of that insurance policy to Mr. Barkley.

With respect to the two policies issued to George on his two cars, each provided personal injury liability coverage in the

amount of $100,000 for bodily injury caused when the insured was driving an automobile owned by a third party. State Farm tendered the liability limits under one of those policies but denied that it had an obligation to indemnify under the other policy based upon an anti-stacking provision, which appears in both and reads as follows: "Policies Issued by Us to You. If two or more vehicle liability policies issued by us to you apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability." [1] Reproduced record at 14a ("R.R."). This provision appears in the same section of the policy that provides coverage for use of non-owned vehicles.[2] Mr. Barkley instituted a declaratory judgment action against State Farm and its insured, George Shernock, at No. G.D. 88–9064.

Three appeals relate to trial court docket number G.D. 89–4042. The facts relating to that proceeding are as follows. Stephen M. Daniel was killed in a one-car collision while a passenger in a car being operated by his father, John M. Daniel, Jr. The vehicle was owned by Stephen, who lived with his sister, Mary. Stephen was insured under an Erie Insurance Company policy for primary liability coverage of $50,000, which was paid to Equibank, N.A., personal representative of Stephen's estate. Mary owned a State Farm policy providing for underinsured coverage in the amount of $50,000 for resident relatives involved in motor vehicle accidents. State Farm tendered that coverage to Equibank. John Daniel was insured under two policies providing for coverage in the amount of $50,000 payable if the insured caused bodily injury while operating a non-owned vehicle.[3] The policies contained the same anti-stacking provision as the policy in the Shernock policy. State Farm tendered the $50,000 due under one

---

1. Appellant's sole ground for denying coverage is the application of the anti-stacking provision. *See* Appellant's brief at 11. Contrary to the position of the trial court and appellees, appellant does not rely upon an escape clause that also appears in its policies. We, therefore, do not discuss that clause.

2. There is no dispute that George was operating a non-owned vehicle.

3. There is no dispute that John was operating a non-owned vehicle.

policy. Equibank instituted a declaratory judgment action against State Farm at G.D. 89–4042.

The two proceedings were consolidated, and cross-motions for summary judgment were filed. The trial court found against State Farm, refusing to give effect to the anti-stacking clause based on the fact that it was unclear and ambiguous. State Farm filed four notices of appeal from that same order. Two notices from that order were filed at G.D. 88–9064. In one notice of appeal, State Farm asserts that it is appealing the grant of summary judgment to Mr. Barkley. In the other, it asserts that it is appealing the denial of summary judgment against it as to Mr. Barkley. The appeals relating to G.D. 88–9064 are docketed at numbers 345 and 346 Pittsburgh, 1992.

State Farm also filed two notices of appeal from the same order granting summary judgment at G.D. No. 89–4042. In one notice, it asserts that it is appealing the denial of summary against it as to Equibank. In the other, it states that it is appealing the grant of summary judgment in favor of Equibank. Then, Equibank filed a praecipe for judgment at G.D. No. 89–4042. State Farm filed another notice of appeal from that judgment. Finally, the trial court amended its grant of summary judgment at G.D. No. 89–4042. State Farm filed a notice of appeal from the amendatory order. The appeals relating to G.D. No. 89–4042 are docketed at 343, 344, 356, and 626 Pittsburgh 1992.[4] All six appeals were consolidated for our review.

■ Initially, we observe that the sole issues raised on appeal are whether the anti-stacking clause is clear and unambiguous and whether enforcement of the provision would defeat the reasonable expectation of the insureds. Equibank argues only that the provision defeats the insured's reasonable expectations and that the anti-stacking clause is ambiguous and unclear "as to whether this coverage exclusion provision applies to the non-owned vehicle excess liability coverage which is provided in both policies." Appellee Equibank's brief

4. The caption in this case incorrectly indicates that the appeal at No. 626 relates to G.D. No. 88–9064, but it actually relates to John Daniel, who is involved at G.D. No. 89–4042.

at 9. Equibank does not argue that the provision is unenforceable under Pennsylvania law.

Similarly, Mr. Barkley does "not dispute that Pennsylvania law permits policy provisions which prohibit stacking of liability limits as long as those provisions are clear and unambiguous." Appellee Barkley's brief at 14. Mr. Barkley "submits that [the anti-stacking] provision is unenforceable because the policy is ambiguous and unclear as to whether this liability limitation clause is applicable to the non-owned vehicle liability coverage provision." *Id.* at 16. The trial court granted appellees' motions for summary judgment based on its conclusion that the anti-stacking clause is unclear and ambiguous because it does not appear in the same paragraph as the non-owned vehicle coverage and because it does not refer expressly to non-owned vehicle coverage.

Our standard of review in this context is as follows:

Summary judgment should not be entered unless the case is free from doubt. The relief should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . .

It has also recently been established that summary judgment is available in a declaratory judgment action. In addition, we have held that an inquiry into whether a particular loss is within the coverage of an insurance policy is a question of law, which may be decided on a motion for summary judgment.

*Neil v. Allstate Insurance Co.*, 379 Pa.Super. 299, 302, 549 A.2d 1304, 1305 (1988) (citations omitted).

 At issue is the enforceability of a provision limiting coverage in insurance contracts. In *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983), our Supreme Court held that where the language of a provision in an insurance contract which excludes coverage under certain circumstances is clear and unambiguous, we are required to give effect to the provision. Applying those

principles, we have held that an anti-stacking provision is enforceable as long as the language prohibiting stacking is clear and unambiguous. *Bishop v. Washington,* 331 Pa.Super. 387, 480 A.2d 1088 (1984).

In *Bishop,* at issue was language appearing in two policies issued to the same insured. As in this case, coverage was sought under both policies for an accident in which the insured was driving a non-owned car. While the policies provided for non-owned vehicle coverage, they also read, "If Property Damage or Bodily Injury Liability coverage in more than one policy applies to a loss, we will pay only up to the highest limit in any one policy." *Id.,* 331 Pa.Super. at 391, 480 A.2d at 1090.

We held that this language was a model of clarity and simplicity, easily understandable, and unambiguous. We concluded that the insurer, in accordance with that language, was responsible only for the highest liability coverage limit in any one policy of insurance. *See also Antanovich v. Allstate Insurance Co.,* 507 Pa. 68, 488 A.2d 571 (1985), *Pusti v. Nationwide Mutual Insurance Co.,* 415 Pa. 318, 203 A.2d 660 (1964), and *Koval v. Liberty Mutual Insurance Co.,* 366 Pa.Super. 415, 531 A.2d 487 (1987), where anti-stacking provisions were enforced.

The language at issue herein provides, "If two or more vehicle liability policies issued by us to you apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability." R.R. at 14a. This prohibits stacking as clearly and unambiguously as the language at issue in *Bishop.* The fact that the anti-stacking provision herein does not appear in the same paragraph providing non-owned vehicle coverage does not render it unclear. The anti-stacking provision appears in the same section of the policy providing non-owned vehicle coverage and clearly was intended to apply to such coverage.

█ There is no requirement that a provision limiting coverage appear in any particular place in an insurance policy. The language at issue herein clearly provides that if two policies issued to the insured apply to the same accident, State

Farm will only pay the limits of the higher or highest policy. This language refers to all coverages in the section in which it appears, including non-owned vehicle coverage. In addition, the policy contains another, identical anti-stacking clause which applies to all coverages in the policy. The placement does not render this language unclear. The trial court incorrectly refused to give it effect merely because it did not appear in the same place as the language providing for non-owned vehicle coverage.

We now address appellees' allegation that enforcement of the provision would defeat the reasonable expectations of the insureds. We addressed the same contention in *Koval v. Liberty Mutual Insurance Co., supra,* and held that enforcement of a clear anti-stacking provision does not defeat the expectations of an insured unless the insured can establish that he applied and paid for a policy under which he could stack coverage. Neither appellee establishes that the insured applied and paid for a policy that allows stacking, and pursuant to *Koval,* this argument fails.

We note that appellees rely upon cases involving interpretation of clauses which are not anti-stacking clauses. *See Musisko v. Equitable Life Assurance Society,* 344 Pa.Super. 101, 496 A.2d 28 (1985); *Aetna Casualty and Surety Co. v. Drake,* 343 Pa.Super. 114, 494 A.2d 381 (1985). However, *Bishop* involved interpretation of nearly identical language as that at issue herein, and that case is controlling. The mere fact that the anti-stacking language appears several paragraphs after the coverage provision does not render that language unclear.

Appellees' reliance upon *Harleysville Mutual Casualty Co. v. Blumling,* 429 Pa. 389, 241 A.2d 112 (1968), and *Estate of Rosato v. Harleysville Mutual Insurance Co.,* 328 Pa.Super. 278, 476 A.2d 1328 (1984), similarly is unavailing. The issue in those cases was not whether an anti-stacking provision was clear and unambiguous. The issue was whether an anti-stacking provision was enforceable under the Pennsylvania Uninsured Motorist Act, 40 P.S. § 2000(a) (repealed). As

noted above, appellees concede that a clear anti-stacking provision is enforceable under Pennsylvania law.

Order granting summary judgment reversed. Summary judgment is granted to State Farm Mutual Automobile Insurance Co. Case remanded. Jurisdiction relinquished.