675 A.2d 1259

**Rita SALAZAR and Celitia Salazar, Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1995.

Filed April 2, 1996.

Reargument Denied June 6, 1996.

Arnold Machles, Bala Cynwyd, for appellants.

Otis V. Maynard, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

This appeal has been taken by Rita Salazar and Celitia Salazar (hereinafter appellants) from the judgment entered against them and in favor of Allstate Insurance Company (hereinafter appellee), after the trial court granted the motion of appellee for summary judgment. We affirm.

Appellants Rita Salazar and Celitia Salazar were involved in an automobile accident on November 21, 1992, when the vehicle in which they were riding, while stopped at a red light, was struck in the rear by a vehicle which immediately fled the scene of the accident. Appellant, Rita Salazar, was operating a vehicle owned by a resident relative, Ruby Brown, which was insured by Allstate Insurance Company under a policy in which Ruby Brown was the named insured.

Ms. Brown had completed an application for original coverage for private passenger motor vehicle insurance under the Assigned Risk Plan on February 13, 1991, which, according to the rules of the Plan, was assigned to Allstate Insurance Company. Ms. Brown indicated her election to waive uninsured motorist (hereinafter UM) coverage for herself and resident relatives when she signed and dated Form PA–2000 as required by 75 Pa.C.S. § 1731. Ms. Brown also selected the limited tort option and signed and dated Form PA–1000 as required by 75 Pa.C.S. § 1705. The policy was renewed the following year with no alterations to the coverages originally selected by Ms. Brown.

Appellants sought UM benefits from Allstate based upon the November 21, 1992, accident. When Allstate denied the requested UM benefits as a result of the waiver of UM

protection by Ms. Brown, the named insured under the policy, appellants instituted this action in the court of common pleas seeking recovery of UM benefits. The case was heard before a panel of arbitrators pursuant to 42 Pa.C.S. § 7361(a). The panel of arbitrators awarded appellants a total of $17,500.00 in damages and appellee filed a timely appeal *de novo* to the court of common pleas and moved for summary judgment on the grounds, *inter alia,* that the waiver of UM coverage precluded recovery of UM benefits by appellants. The distinguished Judge Albert F. Sabo granted the motion of appellee for summary judgment on May 12, 1995, and the instant appeal timely followed.

Appellants contend that summary judgment was improperly entered against them since:

Appellants are entitled to uninsured motorist benefits where the procedures followed by appellee to have the insured reject uninsured motorist protection at the time of application for original coverage and subsequent renewals were not in compliance with statutory requirements.

The limited tort election form executed by the insured was not a proper form to accomplish a knowing election pursuant to 75 Pa.C.S. § 1705.

Appellants suffered injury that met the limited tort threshold.

Our review of an order granting summary judgment is, of course, plenary.

In reviewing an order granting a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. *Dorohovich v. West American Insurance Co.,* 403 Pa.Super. 412, 589 A.2d 252 (1991). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). Moreover, in summary judgment proceedings, it is not the court's function to determine the facts, but only to determine if an issue of material fact exists. *Godlewski v. Pars Manufacturing Co.,* 408 Pa.Super. 425, 597 A.2d 106 (1991). Sum-

mary judgment should only be granted in those cases which are free and clear from doubt. *Spain v. Vicente*, 315 Pa.Super. 135, 461 A.2d 833 (1983).

Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the trial court's conclusion that no genuine issue of material fact exists and [that] the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989).

*Acme Markets v. Federal Armored Express*, 437 Pa.Super. 41, 45, 648 A.2d 1218, 1220 (1994), *quoting American States Ins. Co. v. Maryland Casualty Co.*, 427 Pa.Super. 170, 180–81, 628 A.2d 880, 885–86 (1993).

The trial court entered summary judgment against appellants after concluding that recovery by appellants of UM benefits was precluded as a result of the knowing waiver of UM benefits by the named insured, Ms. Brown.[1] Appellants contend that Ms. Brown did not knowingly and intelligently waive UM motorist coverage in the absence of compliance by Allstate with Section 1791 of the Motor Vehicle Financial Responsibility Law. Thus, appellants argue, in the absence of a valid waiver, UM coverage must be extended to appellants.

Section 1791 provides, in relevant part, as follows:

### § 1791.   Notice of available benefits and limits.

It shall be presumed that the insured has been advised of the benefits and limits available under this chapter provided the following notice in bold print of at least ten-point type is given to the applicant at the time of application for original coverage, and no other notice or rejection shall be required:

---

1.   The trial court also found that Ms. Brown had made a knowing and intelligent election of the limited tort option pursuant to 75 Pa.C.S. § 1705.   Due to our disposition of the issue of the waiver of UM coverage, we do not reach this issue.   We note, however, that the issue is presently before the Superior Court *en banc* in *Donnelly v. Bauer*, No. 691 Philadelphia 1996, and *Havel v. McCarry*, No. 695 Philadelphia 1996.

## IMPORTANT NOTICE

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

\*        \*        \*        \*        \*        \*

(6) Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

75 Pa.C.S. § 1791.

The MVFRL provides that insurers must offer UM and underinsured motorist (hereinafter UIM) coverages equal to bodily injury liability coverage except where the insured, in writing, requests UM/UIM coverages in amounts less than the limits of liability for bodily injury purchased by the insured. 75 Pa.C.S. §§ 1731, 1734.

If the insurer provides notice pursuant to the form set forth in section 1791, the insured is presumed to have been advised of the benefits and limits available under this chapter. 75 Pa.C.S.A. § 1791. If the insurer's notice does not meet the requirements of section 1791, then the insurer must establish waiver pursuant to the rule set forth in *Johnson v. Concord Mutual Insurance Co.*, 450 Pa. 614, 300 A.2d 61 (1973). *Botsko v. Donegal Mutual Insurance Co.*, 423 Pa.Super. 41, 45–47, 620 A.2d 30, 32 (1993), *allo. denied*, 536 Pa. 624, 637 A.2d 284 (1993). In accordance with *Johnson*,

> a waiver of the statutory right to certain levels of uninsured motorists coverage must be "[a]ffirmatively expressed in writing by the insured," which must evidence "[a]n express agreement or acquiescence on the part of the insured to delete or relinquish this protection...." 450 Pa. at 621, 300 A.2d at 65.

*Botsko [v. Donegal Mutual Insurance Co., supra* at 45–47], 620 A.2d at 32, (*quoting Byers v. Amerisure Insurance Co.*, 745 F.Supp. 1073, 1076 (E.D.Pa.1990), *affirmed*, 935 F.2d 1280 (3d Cir.1991)).

*Tukovits v. The Prudential Ins. Co. of America*, 448 Pa.Super. 540, 547–48, 672 A.2d 786, 789 (1996).

■ A knowing and intelligent election to lower or forego UM/UIM coverages may be established by the execution of the notice and waiver forms set forth verbatim in Section 1791. Section 1791 of the MVFRL provides that compliance with the notice creates a presumption "that the insured has been advised of the benefits and limits available under this chapter provided the following notice in bold print of at least ten-point type is given to the applicant *at the time of application* for original coverage, and no other notice or rejection shall be required[.]" 75 Pa.C.S. § 1791 (emphasis added).

■ The record lends no support for the argument of appellants that UM coverages equal to the limits of liability coverage must be provided to appellants by Allstate as a result of the failure of Allstate to comply with the notice

requirements of Section 1791. The original application for coverage signed by Ruby Brown is contained in the record and reveals (1) that Ms. Brown did receive notice of the benefits and limits available under the MVFRL, (2) that the notice was in conformity with the form notice set forth in Section 1791, and (3) that, contrary to the assertions of appellant, this notice was printed in ten-point type. Thus, Section 1791 provides a presumption that Ms. Brown knowingly elected to waive UM benefits. 75 Pa.C.S. § 1791; *Tukovits v. Prudential Ins. Co. of America, supra.* Ms. Brown, on February 13, 1991, following receipt of the Section 1791 notice of availability of benefits, signed UM and UIM coverages rejection forms which expressly waived UM and UIM coverages. Ms. Brown's signature on the waiver of UM/UIM form is further evidence of Ms. Brown's actual knowledge and understanding of the available limits and coverages of UM and UIM benefits.[2] Accordingly, we conclude that the trial court properly found that appellants had failed to establish that there existed a genuine issue of material fact, precluding the entry of summary judgment, as to whether Ms. Brown had knowingly and intelligently waived UM coverage. We, therefore, affirm the order which granted summary judgment in response to the motion filed by appellee.

Order affirmed.

---

**2.** The presumption provided by Section 1791 would appear to be factually as well as legally correct in the instant case as Ms. Brown remained insured by Allstate and has not added UM or UIM coverages to her policy despite her actual knowledge of the availability and nature of these coverages.