**National Union Fire Insurance Co. v. IREX Corp.**

C.P. of Delaware County, no. 96-3902.

*John R. Riddle, Bruce Morrison* and *Timothy C. Costello,* for plaintiff.
*Jane Ennis Kane* and *Gregory J. Kelly,* for defendants George and Barbara Devenny.
*Wanda S. Whare,* for defendant IREX Corp.

McGOVERN, *J.,* June 11, 1997—Plaintiff, National Union Fire Insurance Company, appeals from this court's order granting summary judgment to the defendants, George and Barbara Devenny, and against the plaintiff and the defendant, IREX Corporation, necessitating this opinion.[1]

National filed this litigation seeking a declaratory judgment that no uninsured motorist coverage existed pursuant to a motor vehicle insurance policy issued by plaintiff National to defendant IREX.[2] Plaintiff, in

1. Defendant IREX did not respond to defendants Devenny's motion and does not participate in this appeal.

2. The policy, no. RMCA 143-08-65, is exhibit C to the defendant's motion for summary judgment.

the alternative, seeks a declaratory judgment that the UM coverage available under this policy is the statutory minimum allowable in Pennsylvania, namely $15,000, pursuant to 75 Pa.C.S. §1702. The subject policy covered "company cars" supplied by IREX to its employees and subsidiaries. One of those subsidiaries is A, C and S Inc., the employer of defendant, George Devenny.

Plaintiff argues that when IREX renewed this insurance policy, it rejected UM coverage, pursuant to the 1990 amendments of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1731. Plaintiff contends that an "uninsured motorist endorsement," RMCA 395 0834 (appended to the aforesaid policy), was the vehicle of rejection. The endorsement provides that in those jurisdictions where such coverage is not required, or where it may be rejected, "by its signature affixed hereto, the insured evidences that no such coverage is required and that any and all such coverage as may be waived or rejected is hereby waived or rejected." The endorsement is signed by R. E. Fink, vice-president of IREX. Plaintiff argues that IREX rejected UM coverage when this policy was renewed for the period within which the accident giving rise to the Devennys' claim occurred. The declarations page of this policy provides a $2,000,000 liability limit, and that the UM limits are "statutory." [3]

Defendant, Barbara Devenny, was driving her husband's car, with her husband, George Devenny, as a passenger, on January 30, 1994, when an uninsured motorist collided head-on with their vehicle, injuring Mrs. Devenny. The Devennys filed a claim for UM benefits pursuant to the insurance policy issued by plain-

---

3. The declarations page is attached to defendant's motion for summary judgment, exhibit D.

tiff for this company car. Plaintiff denied coverage, and filed this declaratory judgment action. The Devennys then moved for summary judgment, contending that the wife-defendant, Barbara Devenny, was a permissive user of the company car assigned to her husband, and, therefore, entitled to UM benefits. The defendants Devenny also contended that the form used by IREX in rejecting UM coverage was void for noncompliance with the requirements of section 1731 of Pennsylvania's MVFRL. Finally, the defendants Devenny contended that since the alleged rejection form was void because it failed to comply with the statute, the UM coverage pursuant to that statute was, therefore, equal to the bodily injury liability limits of the policy pursuant to 75 Pa.C.S. §1731(c.1). Defendants' motion was granted and plaintiff filed this appeal.[4]

## WAIVER OF ISSUES

Plaintiff, in its statement of issues, contends that the court erred by failing to consider the "standard, established reformation of contract law in Pennsylvania;" that reformation of the policy was granted without any evidence of "prejudice to the insured as required by Pennsylvania law;" and that the court failed to consider "the standard established by the Pennsylvania Supreme Court in *Johnson v. Concord Mutual Insurance Co.,* 450 Pa. 614, 300 A.2d 61 (1973)." The first time this court was made aware of those issues, including the citation therein, was after plaintiff filed its appeal and they should be deemed waived.[5] *Gray v. Gray,* 448

---

4. Plaintiff has provided a concise statement of issues complained of on appeal, listing 10 paragraphs. It is part of this record.

5. See plaintiff's statement of issues, paragraphs 8 through 10.

Pa. Super. 456, 671 A.2d 1166 (1996); *Gallagher v. Sheridan*, 445 Pa. Super. 266, 665 A.2d 485 (1995).

Plaintiff seems to infer that this court granted equitable reformation of the insurance contract in question here, even though there was no plea by defendants for reformation. Plaintiff then goes on to argue that the court erroneously granted that reformation. Such simply misstates the court's action and ignores this court's jurisdiction and responsibility pursuant to the law controlling declaratory judgments.

Plaintiff also suggests that it was not afforded an opportunity to present evidence concerning IREX's knowing and voluntary rejection of UM coverage or its alleged request for the lower limits of that coverage.[6] Plaintiff, however, has never made a request to this court to supplement the record whether by testimony, affidavit or other form of discovery. Pa.R.C.P. 1035.3(b). Indeed, it was plaintiff that observed that "the only documents which could form the basis for a summary judgment motion are the pleadings" since no other discovery had taken place.[7] There is no indication in this record that plaintiff ever intended to rely upon anything but the pleadings in defending defendants' summary judgment motion.

It is plaintiff that carries the burden of proving IREX's waiver of coverage should this matter go to trial. *Johnson v. Concord Mutual Insurance Co., supra.* A non-moving party with the burden of proof at trial is obliged to come forth with evidence sufficient to counter a motion for summary judgment. Pa.R.C.P. 1035; *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996).

---

6. See statement of issues, paragraphs 4, 5 and 10.

7. Plaintiff's memorandum of law in support of answer to defendants' summary judgment motion, unnumbered p 4.

Where a non-moving party to a summary judgment action fails to produce such evidence, there is no issue of material fact and a summary judgment is appropriate. *Ertel v. Patriot-News Co., supra* at 101-102, 674 A.2d at 1042. Thus, it is the plaintiff which is obliged to come forward with evidence negating defendants' summary judgment motion and plaintiff cannot now be heard to complain of its own failure so to do. Any such contentions should be deemed waived. *Gray v. Gray, supra; Gallagher v. Sheridan, supra.*

## RELIEF AFFORDED

Plaintiff argues that the Devennys failed to request equitable reformation of this insurance contract and suggest by inference that the court, in fact, equitably reformed the contract. A fair reading of this record can only suggest that this court granted a declaratory judgment upon motion by the defendant, finding that IREX had not waived UM coverage according to Pennsylvania law. The court's order does not rewrite any aspect of this insurance policy. It stands intact absent the alleged waiver. There is, in plaintiff's memorandum, neither authority nor argument addressing the alleged lack of a cause of action for equitable reformation or the Devennys' lack of standing to plead reformation. These claims should be deemed waived. *Gray v. Gray, supra; Gallagher v. Sheridan, supra.* Although plaintiff cites *Johnson v. Concord Mutual Insurance Co., supra,* in the issue raised on appeal, there has never been a mention of "the standard established" therein.

There simply is no basis to conclude that the relief granted here represented anything other than a declaration that the policy issued by plaintiff included UM benefits because of a statutorily defective waiver, thus leaving the policy limits as those prescribed in the policy,

all as provided by statute. 75 Pa.C.S. §1731; *Lucas v. Progressive Casualty Insurance Co.*, 451 Pa. Super. 492, 680 A.2d 873 (1996). The issues resolved in this action are no different from others similarly pleaded and litigated pursuant to the MVFRL to achieve the aims sought by the parties within the prescription of Pennsylvania law. The "reformation" of the subject policy was simply not an issue for resolution. See *e.g., Lucas v. Progressive Casualty Insurance Co., supra; Salazar v. Allstate Insurance Co.*, 450 Pa. Super. 264, 675 A.2d 1259 (1996), *allocatur granted*, 547 Pa. 3, 688 A.2d 165 (1996);[8] *Tukovits v. The Prudential Insurance Company of America*, 448 Pa. Super. 540, 672 A.2d 786 (1996), *appeal denied*, 546 Pa. 668, 685 A.2d 547 (1996); *Botsko v. Donegal Mutual Insurance Co.*, 423 Pa. Super. 41, 620 A.2d 30 (1993).

The purpose of awarding declaratory relief is to finally resolve with certainty the rights or legal status of the parties. *Erie Insurance Exchange v. Claypoole*, 449 Pa. Super. 142, 673 A.2d 348 (1996); *Geisinger Clinic v. Di Cuccio*, 414 Pa. Super. 85, 606 A.2d 509 (1992), *allocatur denied*, 536 Pa. 625, 637 A.2d 285 (1993), *cert. denied*, 115 S.Ct. 904 (1995). The Declaratory Judgments Act, 42 Pa.C.S. §§7531-7541, has as its purpose the relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and

---

8. The Pennsylvania Superior Court concluded in *Salazar v. Allstate Insurance Co., supra,* that there was effective waiver of UM coverage due to the insurer's strict compliance with the notice requirements set forth in MVFRL sections 1791 and 1731. The Supreme Court has granted allocatur to consider whether the Superior Court erred in granting summary judgment where Allstate's renewal forms did not contain the disclosure of premium charges and tort options required by 75 Pa.C.S. §1791, not in issue here.

it is expressly to be liberally construed and administered. 42 Pa.C.S. §7541. It is recognized that one of the limits in a declaratory judgment action is that a court is not authorized to reform instruments under the guise of a declaratory judgment. *Doe v. Johns-Manville Corp.,* 324 Pa. Super. 469, 471 A.2d 1252 (1984); *McWilliams v. McCabe,* 406 Pa. 644, 179 A.2d 222 (1962); 11 *P.L.E.* Declaratory Judgment §18; 42 Pa.C.S. §7533. The Act contemplates only a declaration of rights, status, or other legal relation of any person interested under an existing instrument, statute or ordinance, contract or franchise. Such is not reformation, but rather declaration. *New London Oil Co. Inc. v. Ziegler,* 336 Pa. Super. 380, 485 A.2d 1131 (1984).

The proper construction of an insurance contract is resolved as a matter of law in a declaratory judgment action, and whether a particular loss is within coverage of an insurance policy is a question of law which may be decided on a motion for summary judgment in a declaratory judgment action. *Lebanon Coach Co. v. Carolina Casualty Insurance Co.,* 450 Pa. Super. 1, 675 A.2d 279 (1996); *Alexander v. CNA Insurance Co.,* 441 Pa. Super. 507, 657 A.2d 1282 (1995), *allocatur denied,* 543 Pa. 689, 670 A.2d 139 (1995); *Equibank v. State Farm Mutual Automobile Insurance Co.,* 426 Pa. Super. 354, 626 A.2d 1243 (1993), *allocatur denied,* 536 Pa. 642, 639 A.2d 28 (1994).

Plaintiff's boilerplate contentions that this court improperly granted relief upon a cause of action in equity that was not before the court is simply incorrect and not supported by this record. Such contentions should be deemed waived in any event, for failure of the plaintiff to present legal argument or evidence in support thereof. *Gray v. Gray, supra; Gallagher v. Sheridan, supra.*

## DEFENDANTS' STANDING

Plaintiff argues that since it and IREX agree that coverage was waived, the defendants Devenny have no standing to seek the relief granted. The record clearly establishes that defendant, George Devenny, was the assigned user of the vehicle in question and plaintiff admits that it was this vehicle in which defendant, Barbara Devenny, was injured, and that this vehicle was "entrusted" to Mr. Devenny by his employer, the insured.[9] There is no dispute concerning any of those matters.

While plaintiff admits that defendant, Barbara Devenny, was a permissive user of the vehicle, it claims that under the definition of "insured," she should be considered a "class two insured," or not a specifically intended beneficiary of the policy. Plaintiff presents neither legal nor factual analysis to indicate how the circumstances of this matter would place either of the defendants Devenny into any particular category of insured persons. See *e.g., Jeffrey v. Erie Insurance Exchange,* 423 Pa. Super. 483, 621 A.2d 635 (1993); *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984). Plaintiff refers to legal authority, but none of these cases construe the policy before this court nor do they compel a holding different from the judgment entered by this court. See *Cooperstein v. Liberty Mutual Fire Insurance Co.,* 416 Pa. Super. 488, 611 A.2d 721 (1992), *appeal dismissed,* 538 Pa. 483, 649 A.2d 434 (1992); *Hunyady v. Aetna Life & Casualty,* 396 Pa. Super. 476, 578 A.2d 1312 (1990); and *State Farm Mutual Automobile Insurance Co. v. Broughton,* 423 Pa. Super. 519, 621 A.2d 654 (1993). Indeed, the

9. See plaintiff's answer to defendants' motion for summary judgment, p. 3.

rationale presented by the court's decision in *Hunyady v. Aetna Life & Casualty, supra,* strongly suggests that Barbara Devenny, having been the driver of a vehicle entrusted by the insured to her husband, would be deemed to have a "reasonable expectation of coverage" under this policy.

Plaintiff, however, presented no evidence which would enable this court to find that Barbara Devenny was not insured and not entitled to UM benefits under this policy. Nor does this record contain any basis which will allow the court to conclude that the defendant, Barbara Devenny, lacks standing to dispute the alleged waiver by IREX. Section 1733 of the MVFRL provides that an occupant of the vehicle in which one is injured must seek and exhaust UM coverage from the policy covering that vehicle before the party attempts to seek excess coverage from a personal policy. 75 Pa.C.S. §1733(a); *State Farm Insurance Companies v. Ridenour,* 435 Pa. Super. 463, 646 A.2d 1188 (1994). Further, the general assertions by plaintiff also support judgment in defendants' favor concerning this issue. Pa.R.C.P. 1035.3(a) and (b). Indeed, plaintiff's only contentions in the declaratory judgment action were that UM coverage had been waived and, in the alternative, any such coverage should be limited to $15,000.

IREX, for its part, makes no claim that defendants are ineligible for coverage, but that it simply considered the coverage waived. IREX admits that the vehicle was insured under a policy with plaintiff at the time of the collision.[10] IREX admitted that defendant, George Devenny, was an employee of a subsidiary and that neither of the defendants Devenny participated in ne-

---

10. See IREX answer to declaratory judgment complaint, paragraph 5.

gotiations of the terms for this insurance policy.[11]There is simply no basis upon which this court can conclude that Mrs. Devenny lacked standing. IREX did not answer defendants Devenny's motion for summary judgment, presumably resting upon its pleadings, which are not sufficient to establish that defendants Devenny are not entitled to UM coverage. Pa.R.C.P. 1035.3; *Giannini v. Carden,* 286 Pa. Super. 450, 429 A.2d 24 (1981).

Further, IREX carries the burden of establishing a waiver of UM coverage, but presented no evidence in response to the summary judgment motion. That its pleadings suggest a waiver is not sufficient to preclude defendants Devenny by way of waiver.

Based upon the evidence presented to this court, even if defendant, Barbara Devenny, were not an intended "Class 1" beneficiary as to UM coverage by being included in the corporate "family," she still would qualify for such coverage by being an "occupant" of the insured company's vehicle at the time of the accident, because as a resident spouse of an employee covered specifically by the policy, she would have a reasonable expectation of coverage. *Hunyady v. Aetna Life & Casualty, supra; Jeffrey v. Erie Insurance Exchange, supra; Utica Mutual Insurance Co. v. Contrisciane, supra.*

Together with the other evidence presented by defendants Devenny, the court was presented with a section of the administrative manual of A, C and S Inc. concerning "automobile policy" which provides that "[e]mployee and spouse are authorized to use the company car for personal use."[12] There is no dispute as

11. IREX answer to declaratory judgment complaint, paragraphs 17-20.

12. Defendants' reply brief, exhibit C. See also, other evidence presented by defendants Devenny, including the insurance policy;

to any material issue, nor is there any basis in law or logic upon which one can conclude in the face of this record that the defendants Devenny did not have standing to seek UM coverage under the policy in question. 75 Pa.C.S. §1733; *Hunyady v. Aetna Life & Casualty, supra; DeSilva v. Kemper National Insurance Co.,* 837 F. Supp. 98 (E.D. Pa. 1993). See also, *General Accident Insurance Co. of America v. Parker,* 445 Pa. Super. 300, 665 A.2d 502 (1995).

Plaintiff, in order to defeat a properly supported motion for summary judgment, may not merely rely upon its complaint or upon self-serving conclusions which are not supported by specific facts in the record. Pa.R.C.P. 1035.3; *Stork v. Sommers,* 158 Pa. Commw. 65, 630 A.2d 984 (1993); *Ertel v. Patriot-News Co., supra; Tukovits v. The Prudential Insurance Company of America, supra; Ducjai v. Dennis,* 431 Pa. Super. 366, 636 A.2d 1130 (1994). A party is required to show, by depositions, answers to interrogatories, admissions, affidavits or other evidence of record, that there is a genuine issue for trial. Pa.R.C.P. 1035.3. The court must ignore controverted facts in ruling upon a summary judgment motion. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973); *Younginger v. Heckler,* 269 Pa. Super. 445, 410 A.2d 340 (1979). It is plaintiff's burden, therefore, to produce sufficient evidence on an essential issue which would support the conclusion that a jury could return a verdict in its favor in order to successfully defend against a motion for summary judgment. *Ertel v. Patriot-News Co., supra.* Otherwise, there is no genuine issue of a material fact and the moving party is entitled

---

schedule of insured vehicles listing defendant, George Devenny, as the recipient of one such automobile; the UM endorsement CA 21 17 01 87, extending coverage to family members and anyone "occupying" a covered "auto." Defendants' reply brief, exhibit B.

to judgment as a matter of, and according to, law. *Ertel v. Patriot-News Co., supra.*

Here, in light of the foregoing, the court concluded that the defendants Devenny had standing to dispute the alleged waiver of UM coverage. It is respectfully suggested that such is not error.

## WAIVER OF COVERAGE

Plaintiff contends that there were disputed issues of material fact as to whether IREX knowingly and voluntarily rejected UM coverage. The burden of establishing that there was a waiver is placed upon the insurer, plaintiff. *Johnson v. Concord Mutual Insurance Co., supra* at 620, 300 A.2d at 65. Plaintiff, therefore, must establish that IREX was indeed advised of the coverages mandated by statute and, thereafter, made a clear, unequivocal, conscious and express decision to waive or reject UM coverage with knowledge of the right being relinquished. 75 Pa.C.S. §§1791, 1731; *Johnson v. Concord Mutual Insurance Co., supra; Botsko v. Donegal Mutual Insurance Co., supra.*[13]

Plaintiff argues that the payment of premiums by IREX during the years following the alleged waiver in 1991 evinces an intention to waive coverage. Such is not proof, however, that such waiver was knowing, and that IREX made premium payments is not controlling on the issue of effective waiver. *Botsko v. Donegal Mutual Insurance Co., supra; Nationwide Insurance Co. v. Resseguie,* 980 F.2d 226 (3rd Cir. 1992).

---

13. Plaintiff argues that the matter of *Lucas v. Progressive Casualty Insurance Co.,* relied upon by defendants Devenny, is not binding because it is an unreported decision. That case, however, is reported at 451 Pa. Super. 492, 680 A.2d 873 (1996).

Plaintiff also argues that the "uninsured motorist endorsement," once signed, is evidence of a knowing and voluntary waiver of UM coverage by IREX. That document, however, fails to meet Pennsylvania's statutory requirements.

It is clear, and plaintiff makes no assertion to the contrary, that the statutory notice of available benefits as required by MVFRL, section 1791, has never been provided or received. The plaintiff can only point to the signed "uninsured motorist endorsement" as supporting the finding of a knowing and voluntary waiver of UM coverage. That notice, however, fails to comply with section 1731 of the MVFRL. *Tukovits v. The Prudential Insurance Company of America, supra.* Neither plaintiff nor IREX has provided any documentation containing the statutory notices. Summary judgment is, of course, appropriate where the non-moving party fails to respond. Pa.R.C.P. 1035(d).

Although plaintiff seems to suggest there is a distinction between commercial and personal insurance policies in this regard, it has failed to produce any authority supporting such a conclusion. The Superior Court in *Blakney v. Gay,* 441 Pa. Super. 547, 657 A.2d 1302 (1995), held that the provisions of the MVFRL do not preclude a corporate lessor of vehicles from waiving UM coverage. Such is not an issue in the case sub judice. Cases analogous to the one at bar suggest that similar forms of endorsement have been held insufficient to prove knowing rejection of UM coverage, even in commercial insurance policies. *Insurance of the State of Pennsylvania v. Miller, supra; DeSilva v. Kemper National Insurance Co., supra.* Although plaintiff seeks to make a distinction between commercial

and personal insurance policies in this regard, the MVFRL does not.[14]

This court recognizes that in the absence of a signed notice of available benefits pursuant to section 1791 of the MVFRL, courts have been permitted to make a determination as to whether a conscious, knowing and unequivocal waiver of UM insurance coverage could be found in the evidence. Plaintiff cites these authorities.[15] While plaintiff argues that *Christman v. National Union Fire Insurance,* (memorandum opinion) No. 2466 Phila. 1995, *aff'd,* 679 A.2d 248 (1996), is on point, the facts belie that position, since that matter included additional evidence in the form of letters and an affidavit, demonstrating a knowing waiver. Plaintiff has presented no such evidence in the case at bar. Further, the matter of *Christman v. National Union Fire Insurance, supra,* predates the decision in *Lucas v. Progressive Casualty Insurance Co., supra.* The latter and controlling case mandates a showing of strict compliance with section 1731 of the MVFRL before there can be any presumption of knowledge applied pursuant

---

14. Courts of other jurisdictions interpreting similar statutory provisions where the issues involve waiver of UM or underinsured coverage in commercial fleet policies consistently hold there is no distinction between personal and consumer policies. See *Martin v. Continental Insurance Co.,* 123 N.C. App. 650, 474 S.E.2d 146 (1996); *Martin v. Clanton,* 626 So.2d 909 (La.App. 1993); *The Travelers Indemnity Co. v. Malec,* 215 Conn. 399, 576 A.2d 485); *Wilson v. Nationwide Mutual Insurance Co.,* 667 F. Supp. 349 (N.D. Miss. 1987).

15. *Johnson v. Concord Mutual Insurance Co., supra; Nationwide Insurance Co. v. Resseguie,* 980 F.2d 226 (3rd Cir. 1992); *Christman v. National Union Fire Insurance,* (memorandum opinion) No. 2466 Phila. 1995, *aff'd,* 679 A.2d 248 (1996). A copy of the unreported opinion in the latter matter may be found attached as exhibit E to plaintiff's memorandum of law in support of its answer to defendants' motion for summary judgment.

to section 1791 of that law. *Lucas v. Progressive Casualty Insurance Co., supra* at 498-99, 680 A.2d at 876-77, citing *Motorists Insurance Company v. Emig, supra; Donnelly v. Bauer,* 453 Pa. Super. 396, 683 A.2d 1242 (1996); *Maksymiuk v. Maryland Casualty Insurance Co.,* 846 F. Supp. 379 (E.D. Pa. 1996).

The *Christman v. National Union Fire Insurance, supra,* decision dealt with pre-1990 amendments to the MVFRL and was filed by the Pennsylvania Superior Court on April 17, 1996. The 1990 amendments included in the Act explicitly describe the forms to be used for waiving underinsured motorist coverage and UM coverage. *DeSilva v. Kemper National Insurance Co., supra.* The *Lucas v. Progressive Casualty Insurance Co., supra,* decision was filed some two months later on June 17, 1996 and dealt with *post*-1990 amendments which are in issue here.

The MVFRL sets forth the means of informing insureds of levels of coverage available under a policy of insurance issued in Pennsylvania. 75 Pa.C.S. §1791. The MVFRL prohibits an insurer from issuing a policy in Pennsylvania for any vehicle, registered therein, without offering uninsured coverage. 75 Pa.C.S. §1731(a). The Act further provides:

"The named insured shall be informed that he may reject uninsured motorist coverage by signing *the following written rejection form:* . . . ." 75 Pa.C.S. §1731(b). (emphasis added)

The Act provides a verbatim waiver statement for rejecting UM protection. There is no equivocation in this language, nor does it hint of exception. The Act further provides:

"Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. . . . Any

rejection form that does not specifically comply with this section is void. . . ." 75 Pa.C.S. §1731(c.1).

The Act then provides that failure to obtain a valid rejection form entitles the insured to UM or UIM coverage equal to the bodily injury liability limits in the policy. 75 Pa.C.S. §1731(c.1); *Nationwide Insurance Co. v. Resseguie, supra.*

Plaintiff argues that its own "uninsured motorist endorsement" should serve not only as IREX's written request for a lower amount of UM coverage but also as evidencing a voluntary rejection of that coverage. The endorsement here, in and of itself, is insufficient in fact and in law to meet the requirements of section 1734 and is likewise insufficient to evince rejection of UM coverage pursuant to section 1731. *Lucas v. Progressive Casualty Insurance Co., supra; DeSilva v. Kemper National Insurance Co., supra; Byers v. Amerisure Insurance Co.,* 745 F. Supp. 1073 (E.D. Pa. 1990), *aff'd,* 935 F.2d 1280 (3rd Cir. 1991). There is in the case at bar no signed statutory notice form nor is there documentary evidence suggesting IREX's knowledge of available coverage as contemplated in section 1791, nor is there evidence that such was even shown to IREX by plaintiff. *Salazar v. Allstate Insurance Co., supra; Botsko v. Donegal Mutual Insurance Co., supra; Lambert v. McClure, supra.* There is no signed "rejection of UM coverage" form tracking the language set forth in section 1731. *Lucas v. Progressive Casualty Insurance Co., supra.* The form entitled "uninsured motorist endorsement" is not sufficient to evince a knowing and intelligent waiver of UM coverage under the law.

Plaintiff's assurance that the waiver was knowing and voluntary is not sufficient evidence of compliance with the statute in question. The holding of *Lucas v. Progressive Casualty Insurance Co., supra,* makes it clear there is no substitute for the signature of IREX on a section 1731 notice form identical to the wording

set forth in the statute. While plaintiff might have been able to produce evidence indicating a knowing and voluntary waiver of UM coverage, the law no longer allows plaintiff that option. *Lucas v. Progressive Casualty Insurance Co., supra.*[16]

The plaintiff's endorsement clearly does not reflect the wording mandated by section 1731(b) and, therefore, is void pursuant to section 1731(c.1), and the defendants Devenny are entitled to UM coverage equal to the bodily injury liability limits of the policy. Summary judgment was granted in the above-captioned matter because plaintiff failed to meet the statutory condition precedent necessary to show a knowing, intelligent and voluntary waiver of UM coverage by IREX.

Plaintiff argues that IREX effectively elected the lower UM coverage pursuant to section 1734 of the MVFRL, which section simply requires the election be made "in writing." 75 Pa.C.S. §1734. Plaintiff again bases its claim upon its "uninsured motorist endorsement" even if that is insufficient to support waiver. However, any assertion of a knowing waiver pursuant

---

16. The Pennsylvania Superior Court in that case held that insureds were entitled to receive UIM coverage even where the insurer demonstrated compliance with the notice requirement in section 1791 and compliance with the wording requirements of section 1731 of the MVFRL. The waiver form filed by the Lucases contained the exact language set forth in section 1731 of the MVFRL, but the insurer failed to use separate sheets of paper as required. The Pennsylvania Superior Court, in reversing the lower court's grant of summary judgment to the insured, held that there was no conclusive presumption of a knowing waiver because the insurer failed to comply with section 1731's express mandates. The court held the signed rejection form was void and allowed the grant of a summary judgment entitling the insureds to full UIM coverage. The court held that section 1791 must be read in pari materia with section 1731 of the MVFRL. Therefore, the conclusive presumption of section 1791 does not apply until the mandate of the applicable provision has been met.

to section 1791, even if by way of a defective 1734 writing, must be separate and independent from a validly executed statutory rejection form required under section 1731. *Lucas v. Progressive Casualty Insurance Co., supra.* Further, plaintiff has failed to provide any proof suggesting the statutory predicates have been met. Sections 1791 and 1734 are also to be read in pari materia because both relate to the insured's decision concerning purchase of UM or UIM coverages. Section 1734 cannot be read as mere surplusage as suggested here. *Motorists Insurance Companies v. Emig, supra.* Section 1791 mandates notice and information but provides no means of selecting, rejecting or reducing coverage. If IREX failed to have notice of the benefits it was rejecting by way of section 1734, it could not have knowingly rejected that UM coverage. *Tukovits v. The Prudential Insurance Company of America, supra; Motorists Insurance Companies v. Emig, supra.* The presumption of section 1791 does not arise until the predicate of a required written rejection of coverage pursuant to section 1731, or election of lesser limits of coverage pursuant to section 1734, has been met. The form language used by IREX in the document executed here was not sufficient to fulfill the requirements of section 1734. *Motorists Insurance Companies v. Emig, supra; DeSilva v. Kemper National Insurance Co., supra.*

Plaintiff's endorsement is not a valid request for lower UM coverage pursuant to either section 1731 or section 1734. *Byers v. Amerisure Insurance Co., supra; Insurance Company of the State of Pennsylvania v. Miller, supra; DeSilva v. Kemper National Insurance Co., supra.* There is no evidence in this record indicating plaintiff's and IREX's strict compliance with section 1731. In consequence, any question concerning the knowledge of IREX or information exchanged between plaintiff and IREX is not even reached. *Lucas v. Progressive Casualty Insurance Co., supra.* Therefore, the "unin-

sured motorist endorsement" does not fulfill the requirement of a writing effectively requesting reduced UM coverage pursuant to section 1734 of the MVFRL. There is no evidence that such reduction was the intention or understanding of the parties in using the plaintiff's "uninsured motorist endorsement."

Plaintiff's averments do not supply a basis which satisfies the requirements of Pennsylvania's statute. *DeSilva v. Kemper National Insurance Co., supra.* An insured's signature at the end of a so-called policy change request, even where the agent described the reduced coverages, was held not sufficient to meet the mandate of section 1734 requiring a writing from the insured to reduce UM coverage in *Motorists Insurance Companies v. Emig, supra.* The "uninsured motorist endorsement" in this case is, therefore, not sufficient to serve as a request for lower limits by IREX because it fails to meet with the requirements of the MVFRL. *Lucas v. Progressive Casualty Insurance Co., supra.* Further, there is no evidence suggesting that such was the intent of the contracting parties nor is there a basis in law to reform this contract to make the "uninsured motorist endorsement" something it is not and was not intended to be.

Applicable statutes, along with substantive law, are presumed to be part of an insurance contract and, therefore, controlling of the obligations arising therefrom. *Groff v. Continental Insurance Co.,* 741 F. Supp. 541 (E.D. Pa. 1990); *Santos v. Insurance Placement Facility,* 426 Pa. Super. 226, 626 A.2d 1177 (1993). A court may resolve disputes concerning the construction of a policy of insurance by summary judgment. *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983). Review of such a decision is plenary. *Schriver v. Mazziotti,* 432 Pa. Super. 276, 638 A.2d 224 (1994), *allocatur denied,* 539 Pa. 638, 650 A.2d 52 (1994). The record must

be viewed in a light most favorable to the non-moving party and all doubts must be resolved against the moving party when determining whether or not a genuine issue of material fact exists pursuant to a motion for summary judgment. *Chrysler Credit Corp. v. Smith,* 434 Pa. Super. 429, 643 A.2d 1098 (1994).

The lower court is obliged not to abuse its discretion in such matters. *Accu-Weather Inc. v. Prospect Communications Inc.,* 435 Pa. Super. 93, 644 A.2d 1251 (1994). It is respectfully submitted that there is neither error of law nor judgment in this court's grant of summary judgment and most certainly that judgment is not manifestly unreasonable, but rather is the result of a proper application of the law. *Coker v. S.M. Flickinger Co. Inc.,* 533 Pa. 441, 625 A.2d 1181 (1993). This matter concerns a right which is clear and free from doubt. *Chrysler Credit Corp. v. Smith, supra* at 434, 643 A.2d at 1100. Summary judgment is appropriate here, thus avoiding the use of valuable resources from both litigants while maintaining efficiency within the court system. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989).

Therefore, in light of the foregoing, it is respectfully suggested that there is no outstanding issue of any material fact that the "uninsured motorist endorsement" form used by plaintiff and IREX was legally insufficient pursuant to the applicable statute to waive UM coverage or to reduce coverage limits. 75 Pa.C.S. §§1731, 1734, 1791; *Lucas v. Progressive Casualty Insurance Co., supra; Tukovits v. The Prudential Insurance Company of America, supra.*

It is further respectfully suggested that summary judgment was properly granted in the above-captioned matter to the defendants, George and Barbara Devenny, and that the UM coverage pursuant to the policy in question is limited to the bodily injury liability of this policy, or $2,000,000.