**Sheli Jo BEEN, Appellant,**

v.

**EMPIRE FIRE AND MARINE INSURANCE COMPANY,**
**Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1999.
Filed April 20, 2000.

David J. Weaver, Johnstown, for appellant.

Lynda M.. Miller, Philadelphia, for appellee.

Before POPOVICH, JOYCE and TAMILIA, JJ.

POPOVICH, J.:

¶ 1 The plaintiff/appellant (Sheli Jo Been) challenges the order granting the defendant/appellee's (Empire Fire and Marine Insurance Company's) motion for summary judgment on the basis that insuring a motor vehicle from Budget–Rent–A–Car, in conjunction with purchasing supplemental insurance, accessed uninsured and/or underinsured (UM/UIM) coverage equal to the level of supplemental insurance. We affirm.

¶ 2 In this jurisdiction, the grant of a motion for summary judgment will be affirmed on appeal "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," or if an adverse party has failed to produce evidence of facts essential to the cause of action which in a jury trial would require the issues to be submitted to a jury. Pa. R.Civ.P. 1035.2.

¶ 3 Consistent with Rule 1035.2, the record reveals that on the 3rd of March, 1997, the plaintiff signed a rental agreement with Budget–Rent–A–Car. The contract allowed the plaintiff to purchase optional insurance, which included a loss damage waiver, supplemental liability insurance (SLI) and personal accident cost from Empire Insurance. The plaintiff purchased the SLI for $8.99 per day, which afforded one million dollars in coverage. On the 9th of March, 1997, the plaintiff was involved in a motor vehicle accident and sought UM/UIM benefits under the insurance. policy issued by Empire Insurance. Coverage was denied, and the plaintiff filed an action in reformation against Empire alleging that she was entitled to UM/UIM benefits under Empire's policy.

¶ 4 Empire filed a motion for summary judgment asserting that the plaintiff was not entitled to UM/UIM benefits. The court agreed that the "named insured"/Budget waived UM/UIM coverage, which bound the plaintiff to the declination. On reconsideration, the court reaffirmed its initial holding that the SLI policy was an "excess" policy not subject to Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL), and, as such, UM/UIM coverage was not provided or required to be proffered to the plaintiff.

¶ 5 Resolution of this case turns upon whether an "excess" policy is a "motor vehicle insurance policy" for purposes of 75 Pa.C.S.A. § 1731(a), which provides in pertinent part:

(a) **Mandatory Offering.**—No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Commonwealth, with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless uninsured motorist and underinsured are offered therein....

The statute also requires insurance companies to obtain written waivers of UM/UIM coverage from insureds who do not wish to carry such coverage. "If the insurer fails to produce a valid rejection form, unin-

sured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." *Id.* at § 1731(c)(1).

¶ 6 The defendant admits it did not obtain the plaintiff's waiver of UM/UIM coverage when it issued her the "excess" policy. The plaintiff claims that pursuant to Section 1731(c)(1), the UM/UIM coverage under her "excess" policy is one million dollars, the equivalent amount of the policy's coverage for third-party bodily injuries. The defendant, on the other hand, argues that insofar as "excess" policies are not automobile insurance policies under Pennsylvania's MVFRL, Section 1731 is inapposite to the present action. The defendant claims that it bore no duty to obtain signed waivers of coverage from the plaintiff.

¶ 7 Albeit the Pennsylvania Supreme Court has yet to address the issue posed for our consideration, we note the question has been confronted by other courts. The most noteworthy is the Third Circuit Court of Appeals in *McGlinchey v. Hartford Acc. and Indem. Co.*, 866 F.2d 651 (3rd Cir.1989), wherein McGlinchey was injured in a motor vehicle rented from Budget. Neither the driver of the other vehicle nor that vehicle's owner had insurance. Plaintiff brought suit against the insurer/Hartford on the basis of an insurance policy which he had purchased from Hartford. At the time of the accident, Hartford was Budget's insurance carrier.

¶ 8 Because the accident occurred in Florida and Hartford's policy was issued in that state, the Court looked to Florida's uninsured motorist statute, which provided that: "No automobile liability insurance ... shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto in not less than the limits of liability insurance purchased by the named insured...." Fla.Stat. § 627.727(1). The statute further read: "the coverage required under this section shall not be applicable when, or to the extent that, any

insured named in the policy shall reject the coverage." *Id.* at § 627.727(1).

¶ 9 Hartford produced an affidavit of the general manager of Budget. The form indicated that the general manager "reject[ed] Uninsured Motorists Coverage and Excess Underinsured Motorists Coverage." This rejection was permitted under Florida's uninsured motorist statute even if the lessee was unaware of the fact of the availability of the coverage.

■ ¶ 10 Here, as in *McGlinchey*, the motor vehicle insurance law no longer requires UM/UIM coverage as long as the "named insured" knowingly and intentionally rejects such coverage. *Allwein v. Donegal Mutual Ins. Co.*, 448 Pa.Super. 364, 671 A.2d 744 (1996). Budget executed a waiver acknowledging that it rejected UM/UIM coverage. The plaintiff cannot circumvent the preclusion of UM/UIM coverage flowing from Budget's waiver by entry of a separate, supplemental policy of insurance.

Pennsylvania law recognizes that not all insurance policies that afford coverage for liability arising out of the operation or use of automobiles are considered motor vehicle liability policies. Specifically, if the policies are excess or umbrella policies, they are not subject to the requirements of the MVFRL. [*Electric Ins. Co. v.*] *Rubin*, 32 F.3d 814[(3d Cir. 1994)]; *Kromer v. Reliance Insurance Company*, 450 Pa.Super. 631, 677 A.2d 1224 (1996), *aff'd*, 548 Pa. 209, 696 A.2d 152 (1997). *See also Rowe v. Travelers Indem. Co.*, 245 Mont. 413, 800 P.2d 157, 160–161 (1990)(Collecting cases and concluding that "the majority of courts which have addressed this issue have concluded that umbrella policies are not 'motor vehicle liability policies' as defined by their uninsured motorist schemes"). Generally, an excess policy is one that "provides for payment of that portion of the claim that remains unpaid once other [liability] coverage is exhausted."

*Automobile Underwriters[, Inc.] v. Fireman's Fund Ins. Co.*, 874 F.2d 188, 193 (3d Cir.1989). An umbrella policy is a type of excess policy.

*Northern Insurance Co. of New York v. Dottery*, 43 F.Supp.2d 509, 514 (E.D.Pa.1998)(Footnote omitted).

¶ 11 This Court concludes that the language of the policy afforded Budget, as the "named insured", with the statutory right to reject UM/UIM coverage. *Blakney v. Gay*, 441 Pa.Super. 547, 657 A.2d 1302, 1303 (1995), *alloc. den.* 542 Pa. 655, 668 A.2d 1119 (1995). Also, there is no statutory requirement that uninsured motorist benefits be provided by a liability carrier for third persons who may be injured by an insured vehicle. *Id.* at 1304. Lastly, one may not create UM/UIM coverage where none exists. *Id.*

 ¶ 12 In light of the preceding statutory and case law, we find that the "named insured" waived UM/UIM coverage in writing. See Exhibits "C" & "E" of Defendant's Motion for Summary Judgment. This undisputed rejection of UM/UIM coverage was standard practice for Budget, the only "named insured" who had the statutory right to reject UM/UIM coverage under the MVFRL. *Id.*; 75 Pa.C.S.A. § 1734. This right-of-rejection extended to the owner of the vehicle (i.e., the "named insured") the authority to reject UM/UIM coverage on behalf of the driver of a vehicle not the "named insured", a waiver which forecloses the driver (or other insured or third party beneficiary) from arguing that he is the only person entitled to waive UM/UIM. *General Acc. Ins. Co. of America v. Parker*, 445 Pa.Super. 300, 665 A.2d 502 (.1995), *alloc. den.* 544 Pa. 631, 675 A.2d 1249 (1996).

 ¶ 13 Moreover, the SLI policy purchased by the plaintiff is considered an "excess" policy [1] excluding it from the pe-rimeters of a "motor vehicle insurance policy" under Pennsylvania's MVFRL. *McGlinchey*, *supra*. The requirement that UM/UIM must be offered to all Pennsylvania insureds is rendered nugatory when it comes to other insureds or third party beneficiaries not "named insured" under a motor vehicle policy. *Id.*

¶ 14 Accordingly, because UM/UIM benefits were waived by the "named insured" before the plaintiff rented a vehicle (a waiver which is binding and further dispenses the defendant from having to offer the plaintiff UM/UIM benefits), the plaintiff is barred from recovering UM/UIM benefits under Budget's policy since her "excess" policy is not an automobile insurance policy under Section 1731. *Electric Ins. Co. v. Rubin*, 32 F.3d 814, 818 (3rd Cir.1994)(Predicting that the Pennsylvania Supreme Court would not hold that an excess policy is subject to the MVFRL); *Northern Ins. Co. of New York v. Dottery*, *supra*; *Lonesathirath v. Avis Rent A Car System, Inc.*, 937 F.Supp. 367 (E.D.Pa. 1995); *Stoumen v. Public Service Mut. Ins. Co.*, 834 F.Supp. 140, 143 (E.D.Pa. 1993).

¶ 15 Order affirmed.

---

1. An "excess" policy is also referred to as an "umbrella" policy, which is "a supplemental insurance policy which protects insureds against losses in excess of the amount covered by their other liability insurance policies and fills in gaps in coverage." *Northern Ins. Co. of New York v. Dottery*, 43 F.Supp.2d 509, 514 n. 4 (E.D.Pa.1998) (Citations omitted).