**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-2516

———————

In re:  THE TRUSTEES OF CONNEAUT
LAKE PARK, INC.,

Debtor


PARK RESTORATION, LLC

v.

ERIE INSURANCE EXCHANGE;
THE TRUSTEES OF CONNEAUT LAKE PARK, a
charitable trust; CRAWFORD COUNTY, a political
subdivision; SUMMIT TOWNSHIP, a municipal corporation;
TAX CLAIM BUREAU OF CRAWFORD COUNTY;
CONNEAUT SCHOOL DISTRICT

SUMMIT TOWNSHIP, a municipal corporation;
CRAWFORD COUNTY, a political subdivision;
THE TAX CLAIM BUREAU OF CRAWFORD COUNTY;
THE CONNEAUT SCHOOL DISTRICT,

Appellants

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-16-cv-00006)
District Judge: Honorable Barbara Jacobs Rothstein

Argued January 18, 2017
Before: FISHER[*], HARDIMAN, and GREENAWAY, JR.,
*Circuit Judges*.

(Opinion Filed:  May 2, 2017)

John F. Mizner          [Argued]
Mizner Law Firm
311 West Sixth Street
Erie, PA 16507
        *Counsel for Appellee*

Lawrence C. Bolla
Michael P. Kruszewski
Arthur D. Martinucci        [Argued]
Quinn Buseck Leemhuis Toohey & Kroto
2222 West Grandview Boulevard
Erie, PA 16506
        *Counsel for Appellants*

---

[*] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.

## OPINION OF THE COURT

HARDIMAN, *Circuit Judge*.

Pennsylvania law prohibits insurance companies from paying fire insurance proceeds to a "named insured" unless the local municipality certifies that no delinquent taxes are owed on the property where the insured structure was located. 40 Pa. Stat. § 638. The District Court held that "named insured" as used in Section 638 includes only those who own the structure at issue and are responsible for the delinquent taxes. Because the Bankruptcy Court rightly held that this interpretation contravenes the text of the statute, we will reverse.

I

This appeal involves Conneaut Lake Park, which abuts Conneaut Lake in Crawford County, Pennsylvania. The Park included a historic venue known as the Beach Club, which was owned by the Trustees of Conneaut Lake Park, Inc. Appellant Park Restoration, LLC, operated the Beach Club under a management agreement with the Trustees. Park Restoration insured the Beach Club against fire loss for $611,000 through Erie Insurance Exchange. When the Beach Club was destroyed by fire in 2013, Park Restoration submitted a claim to Erie. Erie did not dispute the claim, but in accordance with 40 Pa. Stat § 638, it required Park Restoration to obtain a certificate from the local municipal

3

treasurer stating whether back taxes were owed on the property.

Park Restoration received a certificate showing a total of $478,260.75 in delinquent property taxes owed by the Trustees to Summit Township, Crawford County, the Tax Claim Bureau of Crawford County, and Conneaut School District (collectively, Taxing Authorities). These delinquent taxes dated back to 1996, well before Park Restoration signed its management agreement with the Trustees, and the taxes were owed on the entire 55.33 acre parcel on Conneaut Lake, not just the single acre that included the Beach Club. Nonetheless, because of the tax delinquency, Erie notified Park Restoration that it would transfer to the Taxing Authorities $478,260.75 of the $611,000 insurance proceeds. Park Restoration objected, prompting Erie to interplead the proceeds in the Court of Common Pleas of Crawford County.

The interpleader action was transferred to the United States Bankruptcy Court for the Western District of Pennsylvania after the Trustees filed for bankruptcy. In the Bankruptcy Court, Park Restoration argued that Section 638 "applies solely to those situations where the fee owner of the property is insured and where the tax liabilities at issue are the financial responsibility of the owner as well." *In re Trustees of Conneaut Lake Park, Inc.*, 543 B.R. 193, 198 (Bankr. W.D. Pa. 2015). Park Restoration argued that any other construction would violate the Takings Clauses of the United States Constitution and the Pennsylvania Constitution. The Trustees responded that Park Restoration was not entitled to any of the insurance proceeds because Park Restoration insured the Trustees' property. Therefore, the Trustees sought the remaining insurance proceeds after the Taxing Authorities were compensated.

4

The Taxing Authorities and Park Restoration filed cross motions for summary judgment. The Bankruptcy Court granted partial summary judgment in favor of both parties. It held that under Section 638 the Taxing Authorities were entitled to full payment of the delinquent taxes ($478,260.75), and that Park Restoration, as the named insured, was entitled to the balance of the insurance proceeds.

Park Restoration and the Trustees filed cross-appeals to the United States District Court for the Western District of Pennsylvania. Park Restoration argued, for the first time, that because the insured property constituted only 9% of the tax value of the parcel, Park Restoration's insurance proceeds should apply pro rata to the tax debt. It also argued that anything more would be an unconstitutional taking. Meanwhile, the Trustees claimed entitlement to the balance of the insurance proceeds because they owned the Beach Club.

The District Court affirmed the Bankruptcy Court's summary judgment for Park Restoration as against the Trustees, but reversed the Bankruptcy Court's summary judgment for the Taxing Authorities as against Park Restoration. The Court held that Section 638 is ambiguous because it uses "named insured" and "insured property owner" interchangeably. *In re Trustees of Conneaut Lake Park, Inc.*, 551 B.R. 577, 584–85 (W.D. Pa. 2016). The District Court then considered legislative intent and concluded that the General Assembly intended Section 638 to apply only to property owners. The Court reasoned that because Park Restoration did not own the Beach Club or the parcel upon which it was located, it was not responsible for the Trustees' delinquent taxes. The Taxing Authorities appealed the District Court's judgment.

5

## II

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(b) and 1334(b). The District Court had appellate jurisdiction under 28 U.S.C. § 158(a). Our jurisdiction lies under 28 U.S.C. §§ 158(d) and 1291. "Because the District Court sat as an appellate court, reviewing an order of the Bankruptcy Court, our review of the District Court's determinations is plenary." *In re Wettach*, 811 F.3d 99, 104 (3d Cir. 2016) (quoting *In re Bocchino*, 794 F.3d 376, 379 (3d Cir. 2015)).

## III

The Taxing Authorities argue that the District Court erred in reversing the Bankruptcy Court's order granting them summary judgment. We agree. Section 638 required Erie to transfer funds from Park Restoration's insurance claim to the Taxing Authorities irrespective of Park Restoration's property interest in the Beach Club. Though Park Restoration's public policy and equitable arguments are not without force, they cannot vitiate the statutory language. Additionally, we agree with the Bankruptcy Court that Section 638 as applied in this case does not violate the Takings Clauses of the United States Constitution or the Pennsylvania Constitution.

### A

Although Pennsylvania courts have not addressed the question presented in this appeal, we believe that the text of Section 638 compels reversal. "When ascertaining Pennsylvania law, the decisions of the Pennsylvania Supreme Court are the authoritative source." *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010). Because the

6

Pennsylvania Supreme Court has not ruled on this issue, "we must predict how it would rule." *Id.* (citing *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004)). When interpreting Pennsylvania law, we apply its rules of statutory interpretation. *See* 1 Pa. Cons. Stat. § 1921 (providing guidance for courts interpreting Pennsylvania statutes); *see also United States v. Atiyeh*, 402 F.3d 354, 369–71 (3d Cir. 2005) (applying Pennsylvania rules of statutory interpretation to construe a statute). Pennsylvania's General Assembly also provided that Section 638 "shall be liberally construed to accomplish its purpose." 40 Pa. Stat. § 638(k).

Section 638 is relatively straightforward and its application here proceeds in three steps. First, the statute prohibits insurance companies from "pay[ing] a claim of a named insured for fire damage to a structure located within the municipality," unless the insurance company is furnished with an appropriate certificate from the municipal treasurer. 40 Pa. Stat. § 638(a). Thus, Erie was prohibited from paying a claim to Park Restoration (the named insured) for fire damage to the Beach Club (the damaged structure) unless Erie was furnished with the appropriate certificate.

Second, there will be one of two types of certificates issued depending on whether delinquent taxes are owed on the property where the structure was located. When, as in this case, there is a tax delinquency, the municipal treasurer is required to issue "a certificate and bill showing the amount of delinquent taxes, assessments, penalties and user charges against the *property* as of the date specified in the request." 40 Pa. Stat. § 638(b)(1)(ii) (emphasis added). Here, the 55.33 acre tax parcel on Conneaut Lake had a tax delinquency of $478,260.75.

7

Finally, upon receipt of the certificate, Erie was required to "transfer to the treasurer an amount from the insurance proceeds necessary to pay the taxes." 40 Pa. Stat. § 638(b)(2)(ii).

As the Bankruptcy Court observed, the statute does not "qualify its terms by requiring that the named insured be the 'owner' of the structure destroyed by the fire. Nor does the statute limit the imposition of the tax claim against insurance proceeds payable to the entity primarily liable for the tax debt in question." *Conneaut Lake Park, Inc.*, 543 B.R. at 203. The tax claim is "levied against the insured property"—that is, it is "*in rem* in nature and runs with the real property." *Id.* (internal formatting and quotation marks omitted). So the Taxing Authorities' claim "attache[d] to any fire insurance proceeds payable to any named insured as opposed to being limited solely to the beneficial interests (if any) of the primarily liable taxpayer." *Id.*

Unlike the Bankruptcy Court, the District Court found the statute ambiguous. In doing so, the District Court cited 40 Pa. Stat. § 638(b)(2)(i), which uses the terms "insured property owner" and "named insured." Perceiving that these terms were used interchangeably, the District Court concluded that "[a] straight-forward reading of the statute demonstrates that it is referencing the same party when it refers to the 'named insured' and the 'insured property owner.'" *Conneaut Lake Park, Inc.*, 551 B.R. at 585. According to the District Court, the only way to resolve the inconsistency was to "assume that the General Assembly meant that the 'named insured' and 'the insured property owner' are synonymous" throughout the entire statute. *Id.* It followed, then, that this inconsistency rendered Section 638 "reasonably susceptible [to] different interpretations." *Id.*

8

(quoting *Dobrek v. Phelan*, 419 F.3d 259, 264 (3d Cir. 2005)).

We need not opine as to whether the District Court is correct that the General Assembly used the terms "named insured" and "insured property owner" interchangeably for purposes of Section 638(b)(2)(i), which applies when a property is free from tax delinquency. It suffices to say that the subsection upon which the District Court relied has no application here, where property taxes undoubtedly were in arrears. And the subsection relevant to this case (Section 638(b)(1)(ii)) refers to "named insured" with nary a mention of "insured property owner."

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. Cons. Stat. § 1921(b). The statute's unambiguous words "are presumed to be the best indication of legislative intent." *Reid v. City of Philadelphia*, 957 A.2d 232, 235 (Pa. 2008) (quoting *Chanceford Aviation Props., L.L.P. v. Chanceford Twp. Bd. of Supervisors*, 923 A.2d 1099, 1104 (Pa. 2007)). Because the Bankruptcy Court correctly held that the applicable statutory provision is unambiguous, we must reverse the District Court's order in that respect.

B

Park Restoration raises two other arguments in support of its position that Section 638 applies only to property owners. These arguments—that public policy and equity compel us to affirm the District Court—cannot vitiate the text of the statute.

9

### 1

Park Restoration argues that the public policy underlying Section 638 was to prevent property owners from "burn[ing] their buildings or structures to collect the insurance proceeds" by requiring that money "be first used to pay delinquent real estate taxes." Park Rest. Br. 16. From this premise, it concludes that this "rationale does not apply where the insured does not have a responsibility to pay . . . real estate taxes or to repair or secure a building or structure." *Id.*

We have little doubt that the statute's principal purpose is to stop property owners from profiting from arson. But that purpose does not compel the conclusion that "named insured" does not also apply to insured occupants who have no ownership interest. The public policy concern regarding misfeasance by property owners applies nearly as forcefully to lessees or others who have insured property they don't own. Moreover, Park Restoration's interpretation could incentivize an end run around Section 638 by permitting unscrupulous owners to use the corporate form to collect insurance proceeds without satisfying their delinquent taxes.

### 2

At oral argument, counsel for Park Restoration insisted that reinstatement of the Bankruptcy Court's order would bestow an inequitable windfall upon the Trustees. In response, the Taxing Authorities explained that the Joint Plan of Reorganization provides for payment on their first tax lien

as follows: (a) net proceeds of sale of six separate lots owned by the Trustees; (b) payment of $478,260.75 due from Park Restoration's fire insurance proceeds; and (c) a "safeguard" for the prevention of an overpayment to the Taxing Authorities. Taxing Authorities Rule 28j Letter dated Jan. 23, 2017, at 3. In effect, this payment plan means that since the Taxing Authorities have won this appeal, it is possible that the net proceeds from the sale of these lots will be used to satisfy delinquent taxes owed on other parcels or to satisfy other claims from the Trustees' creditors rather than to pay the tax debt owed by the Trustees on the parcel where the Beach Club was located. Park Restoration Rule 28j Letter dated Jan. 23, 2017, at 2–3. While Park Restoration makes a plausible case that it might be subject to an inequitable distribution of proceeds at a later date, the record on appeal neither compels that conclusion nor allows us to make a definitive judgment in that regard. Thus, we will rely on the Bankruptcy Court to consider those issues in due course and we emphasize that nothing in this opinion should be construed to preclude Park Restoration from seeking an accounting or any other equitable relief in the future.

C

Park Restoration argues here, as it did in the Bankruptcy Court, that "allowing the Taxing Authorities to be paid . . . from the Insurance Proceeds results in a 'gratuitous confiscation' of [Park Restoration's] property without just compensation in violation of the Takings Clause(s) found in both the U.S. Constitution and the Pennsylvania Constitution." *Conneaut Lake Park, Inc.*, 543 B.R. at 204. We find this argument tenuous at best.

11

The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The Fifth Amendment applies to the States through the Fourteenth Amendment. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). The Pennsylvania Constitution also provides that "private property [shall not] be taken or applied to public use, without authority of law and without just compensation being first made or secured." Pa. Const. Art. I, § 10. The Pennsylvania Supreme Court follows federal law in Takings Clause cases so our analysis under the Fifth Amendment applies equally to Pennsylvania's Constitution. *Corman v. NCAA*, 74 A.3d 1149, 1167 (Pa. Commw. Ct. 2013).

To determine whether an unconstitutional taking occurred, we ask three questions: (1) was there a taking?; (2) was that taking for public use?; and (3) did the claimant receive just compensation? Takings may occur either by physical appropriation of property or regulatory activity. *See Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2427 (2015). On the one hand, physical appropriation of property is "a *per se* taking, without regard to other factors." *Id.* Thus, "[w]hen the government physically takes possession of an interest in property . . . it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002) (citations omitted). Regulatory takings require a more detailed analysis, however. Although "property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Pa. Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922). There are "at least two discrete categories of regulatory action" that violate the Fifth

12

Amendment: "regulations that compel the property owner to suffer a physical 'invasion' of his property" and "regulation [that] denies all economically beneficial or productive use of land." *Lucas v. S. Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992). When determining whether a regulatory taking has occurred, the Court may consider the "economic impact of the regulation on the claimant" and the "character of the governmental action." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).

In this appeal, we need not determine whether there was an actual or regulatory taking because the party asserting the claim must have a "legally cognizable property interest." *Prometheus Radio Project v. FCC*, 373 F.3d 372, 428–29 (3d Cir. 2004). Here, it is clear that Park Restoration had no legally cognizable property interest in the entirety of the proceeds from its insurance policy because Section 638 made receipt of such proceeds conditional on satisfying the delinquent taxes owed on the insured property. The policy states that "[Erie] will pay [Park Restoration] unless some other person is named in the policy or is legally entitled to receive payment," *Conneaut Lake Park, Inc.*, 543 B.R. at 199, and that "[t]his policy conforms to the laws of the state in which [Park Restoration's] principal office is located." *Id.* at 205. Section 638 had been enacted by the General Assembly and adopted by the required local ordinance long before Park Restoration obtained its insurance policy from Erie. Thus, the insurance policy incorporated the statute. *See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 147–48 (3d Cir. 1993) (finding that "pertinent statutory provisions of Pennsylvania insurance law are deemed incorporated into insurance policies" (quoting *Santos v. Ins.*

13

*Placement Facility*, 626 A.2d 1177, 1179 (Pa. Super. Ct. 1993))).

In sum, when Park Restoration insured the Beach Club, its rights to any insurance proceeds were subject to the claim of the Taxing Authorities. Without a legally cognizable property interest, Park Restoration has no cognizable takings claim. *Prometheus Radio Project v. FCC*, 373 F.3d 372, 428–29 (3d Cir. 2004). Park Restoration's "failure to establish any greater entitlement to the proceeds under its policy (and Pennsylvania law) is fatal to its assertion that payment of Insurance Proceeds to the Taxing Authorities would violate the Takings Clause(s) of the U.S. Constitution and the Pennsylvania Constitution." *Conneaut Lake Park, Inc.*, 543 B.R. at 206 (citing *Mahon*, 260 U.S. at 413).

IV

For the reasons stated, we will reverse the judgment of the District Court and remand for entry of judgment in favor of the Taxing Authorities.